## BENTLEY MOTOR CO v CLARK

Ohio Appeals, 7th Dist, Mahoning Co
Decided March 28, 1930

Wm. E. Pfau, Youngstown, for Motor Co.
Wm. A. Ambrose, Youngstown, for Clark.

**FARR, J.**

It is clear that Clark was afflicted with pulmonary tuberculosis some two or three years prior to the accident and his death. He had abandoned his employment. He was drawing the sick benefits allowed to railway trainmen under such circumstances, in the sum of seventy-five dollars per month. He went away to Arizona and the testimony of the physician who attended him there was that after about a year's treatment his expectancy of life would not be more than one year. It proved, however, that this physican was somewhat at fault in judgment, because Clark lived from two to three years afterwards. The brother testified that there were some bruises upon Clark's breast after the accident, and one of the doctors says that when he was called to see him in the August following the accident, that his condition was so serious that he could not "percus" the breast. While it is true that his brother and his friend testified to his appearance as having changed for the better, indicating at least a partial recovery, yet the medical testimony is decidedly quite to the contrary.

Two physicians after his return from Arizona saw him. Both say that it was a case of slow, progressive tuberculosis, so that it is certainly apparent from the testimony in the Record that his expectancv of life could not possibly be for long. The jury found upon the facts in this case that he had been injured, no doubt reaching the conclusion that the injury probably produced a hemorrhage from the lungs. While the finding of the jury was in favor of a recovery, yet having in mind the testimony as to his expectancy of life, it does seem that this verdict is surely excessive. Ten thousand dollars for a man lingering just upon the "border land". If his personal representative be entitled to recover, it must necessarily have been based upon his expectancy of life and how much he would have meant to this minor son.

The testimony clearly shows that he was afflicted with this fatal disease prior to the time of the accident, a disease which in such a large percentage of cases proves fatal, that his expectancy of life could not have been of great length. Therefore, the verdict is surely excessive. Having reached that conclusion, and without questioning the finding of the jury as to personal representatative's right to recover, the verdict is so excessive that it should be divided in half; that is to say, if a remittitur be consented to in the amount of half of this award the judgment will be affirmed for that amount, and if not, it will be reversed upon the ground that it is excessive.

Pollock and Roberts, JJ, concur.